UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **Mark Langlois,** | ) | **CASE NO. 3:15 CV 579** |
| | ) | |
| Petitioner, | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| Vs. | ) | |
| | ) | |
| **John Coleman, Warden,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the Court upon the Report and Recommendation of Magistrate Judge James R. Knepp, II (Doc. 9) recommending that this Court dismiss petitioner's Petition for Writ of Habeas Corpus (Doc. 1). Petitioner has filed Objections to the Report and Recommendation. For the reasons set forth below, the Report and Recommendation is ACCEPTED.

**Standard of Review**

Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts provides that the district court reviews *de novo* those portions of a report of a

magistrate judge to which a specific objection is made. *Thomas v. Arn*, 474 U.S. 140, 149-52 (1985). The judge may accept, reject, or modify any proposed finding or recommendation.

**Discussion**

The January term of the 2011 Lucas County Grand Jury indicted petitioner on one count of aggravated murder in violation of Ohio Rev. Code § 2903.01(A) and (F), and one count of murder in violation of Ohio Rev. Code § 2903.02(B), along with firearms specifications as to each count. The indictment related to a murder that occurred on January 27, 2011, at petitioner's place of employment, Forklifts of Toledo. A jury found him guilty of both murder counts and the firearm specifications. On November 29, 2011, the trial court merged the murder counts and sentenced him to life in prison without the possibility of parole, consecutive to a mandatory three year term on the firearm specifications. The factual and procedural history of the state-court proceedings are summarized in Magistrate Knepp's Report and Recommendation. (R&R at 2-7).

Petitioner filed his petition in this Court on March 25, 2015, raising one ground for relief:

> Expert testimony comparing tool marks on shell casings is not scientifically sound and cannot be presented as scientific expert testimony, because the theory underlying such comparison has not been adequately tested, the methods for comparison are not capable of proper peer review, and the error rate is unknown. *Daubert v. Merrill Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). Mr. Langlois was therefore denied the effective assistance of counsel when counsel failed to move for exclusion of this scientifically uncertain and unsound expert testimony. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L.Ed.2d 674 (1984).

Magistrate Knepp determined that, to the extent petitioner's ground for relief is based on *Daubert*, it is not cognizable in federal habeas because the admission of the ballistics

2

evidence did not create an unfair process that violated petitioner's fundamental rights. (R&R at 8-10). To the extent petitioner's ground for relief is based on *Strickland*, Magistrate Knepp concluded that counsel's choice to cross-examine the expert rather than request a *Daubert* hearing was not inadequate representation. He also determined that the state appellate court's finding that petitioner was not prejudiced by counsel's performance because counsel thoroughly questioned the basis of the experts' ballistics conclusions was entitled to deference. Magistrate Knepp therefore recommended denying the petition. (R&R at 11-15).

Petitioner objects to the magistrate's conclusion that the admission of the ballistics evidence did not affect his fundamental rights. He argues that "the admission of the evidence linking the crime scene evidence to Mr. Langlois' gun in absolute terms and with a degree of absolute certainty created an unfair process." This Court disagrees. "[E]rrors in application of state law, especially with regard to the admissibility of evidence, are usually not cognizable in federal habeas corpus." *Walker v. Engle,* 703 F.2d 959, 962 (6th Cir.)**; *see also Coleman v. Mitchell,* 244 F.3d 533, 542 (6th Cir.2001) ("Because this is an appeal from a habeas corpus decision and not an appeal from Coleman's state conviction, we do not pass upon 'errors in the application of state law, especially rulings regarding the admission or exclusion of evidence.'"). Habeas relief is only available where an error of state law results in the denial of fundamental fairness. *Walker*, 703 F.2d at 962. "[C]ourts 'have defined the category of infractions that violate 'fundamental fairness' very narrowly.'" *Wright v. Dallman*, 999 F.2d 174, 178 (6th Cir.1993) (quoting *Dowling v. United States*, 493 U.S. 342, 352, 110 S.Ct. 668, 107 L.Ed.2d 708 (1990)). A state court evidentiary ruling does not constitute a due process violation unless it "offends some principle of justice so rooted in the traditions and conscience

of our people as to be ranked as fundamental**."** *Montana v. Egelhoff*, 518 U.S. 37, 43, 116 S.Ct. 2013, 135 L.Ed.2d 361 (1996))**.**

In this case, the admission of the ballistics evidence was not contrary to clearly established Supreme Court precedent. While petitioner cites several cases where courts have imposed certain conditions on the admission of ballistics evidence, he has cited no Supreme Court precedent (or any federal court precedent) holding that a state violates due process by permitting an expert to give testimony regarding ballistics evidence. *See Norris v. Schotten*, 146 F.3d 314, 335 (6th Cir. 1998) ("Appellant's next claim concerns the reliability or fairness of the scientific evidence presented through the testimony of Mitchell. Appellant relies primarily on *Daubert*...; however, we agree with the district court that *Daubert* concerned the Federal Rules of Evidence which is not relevant to appellant's [state] conviction.") Moreover, as the appellate court noted, the type of microscopic comparison testing addressed by the State's experts was "a generally accepted method of forensic analysis" at the time of petitioner's trial. (Doc. 5-1, Ex. 9, at 25-27) (citing Ohio cases holding that methodology used by experts was generally accepted and reliable).

In addition, the appellate court's findings that the witnesses were properly qualified experts whose testimony was helpful to the jury and who relied on widely-accepted methods are entitled to deference and supported by the record. So, too, is the court's conclusion that neither witness opined in absolute terms or to a degree of "absolute certainty." *See, e.g.,* Doc. 5-3 at 594 ("Q: And did you reach any conclusions within a reasonable degree of scientific certainty as to whether or not that shell casing from the crime scene matched your test fires,

4

being all from Exhibit 31, the 9 millimeter Glock?")[1]; *id.* at 577 ("A: [W]hen you're comparing two projectiles, you're looking at the microscopic striations, and you can have...difficult comparisons, very easy ones. Depending on the direction of the light and how you rotate the projectiles around, there's a lot of variables.").

Petitioner's objections regarding Magistrate Knepp's rejection of his ineffective assistance of counsel claim are also not well-taken. Petitioner argues that trial counsel should have moved to preclude the expert's testimony in a *Daubert* hearing rather than challenging it through cross examination. The Court agrees with the magistrate that this argument does not meet petitioner's extremely high burden of showing that the state appellate court's application of the *Strickland* standard was unreasonable. The Supreme Court recently noted that, "[i]n many instances, cross-examination will be sufficient to expose defects in an expert's presentation." *Harrington v. Richter*, 52 U.S. 86, 111 (2011). Indeed, *Daubert* itself recognizes that "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert*, 509 U.S. at 596. Here, the state appellate court's finding that defense counsel "thoroughly questioned the basis for the experts' ballistics conclusions" is entitled to deference. (Doc. 5-1, Ex. 9, at 36-37). Counsel's decision to rely on this questioning–which drew attention to possible weaknesses in the experts' conclusions–rather than to challenge the experts through a *Daubert* hearing was a tactical decision. The state

---

[1] While petitioner argues that the a ballistics expert should be required to testify "to a reasonable degree of ballistics certainty," he has cited no case holding that the fundamental fairness of a trial is affected when a ballistics expert is permitted to testify to a "reasonable degree of scientific certainty" instead.

appellate court's refusal to second-guess counsel's strategy was a reasonable application of *Strickland*.[2]

Finally, petitioner has not shown that the result of the proceeding would have been different if counsel had challenged the State's ballistics expert in a *Daubert* hearing. As such, he cannot meet his heightened burden of showing that the state appellate court's conclusion that counsel's performance did not prejudice petitioner was an unreasonable application of *Strickland*.

**Conclusion**

For the reasons stated above and in the Report and Recommendation, the Report and Recommendation of Magistrate Judge Knepp recommending dismissal of petitioner's pending Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) is accepted. Magistrate Judge Knepp correctly determined that petitioner is not entitled to a writ of habeas corpus. Further, for the reasons stated herein and in the Report and Recommendation, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed.R.App.P. 22(b).

---

[2] In his objections, petitioner cites a recent Supreme Court case, *Hinton v. Alabama*, 134 S. Ct. 1081 (2014) (per curiam), where the Court held that trial counsel's performance was deficient for failing to hire an appropriate expert to challenge the State's ballistics expert at trial. But *Hinton's* holding was very narrow and not applicable to this case: "The only inadequate assistance of counsel here was the inexcusable mistake of law–the unreasonable failure to understand the resources that state law made available to him–that caused counsel to employ an expert that *he himself* deemed inadequate." *Id.* at 1089 (emphasis in original).

    IT IS SO ORDERED.

                                          /s/ Patricia A. Gaughan
                                         PATRICIA A. GAUGHAN
                                         United States District Judge

Dated: 9/20/16